UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELECTRICAL WORKERS PENSION PLAN, LOCAL 103, IBEW, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. ) |
| JOHN DOE, | ) ) |
| Defendant. | ) ) |

**COMPLAINT**

1. This is an action by a pension plan for restitution and other equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et. seq., and under federal common law to recover retiree benefits that defendant misappropriated.

2. The plaintiff is the Electrical Workers Pension Plan, Local 103, IBEW, which is an employee retirement benefit plan governed by ERISA. 29 U.S.C. §1001 et seq.

3. Defendant John Doe is a person whose identity is unknown to the Pension Plan for reasons set forth below.

4. This Court has jurisdiction pursuant to 29 U.S.C. §1132(a)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

5. The Plan maintains its offices at 256 Freeport Street, Boston, MA 02122.

6. Charles Harmon at all relevant times was a participant in the Pension Plan who retired in 1988 and began receiving monthly retirement benefits from the Plan.

7. Upon the death of Charles Harmon in or about 1994, his widow Jo Ann Harmon began receiving monthly benefits as a surviving spouse under the terms of the Pension Plan's plan of benefits.

Case 1:18-cv-11037-ADB   Document 1   Filed 05/21/18   Page 2 of 3


8. The Plan sent Jo Ann Harmon monthly surviving spouse benefits directly to her bank by wire transfer for deposit into the account.

9. Jo Ann Harmon died on October 8, 2012.

10. With the death of Jo Ann Harmon, there remained no additional persons entitled to benefits from the Plan based on Charles Harmon's participation in the Plan.

11. No one notified the Fund of Jo Ann Harmon's death in 2012 and, accordingly, the Plan continued to wire monthly benefits to the bank for deposit into her account until August, 2017, when the Plan first learned of her death.

12. Between the time of Jo Ann Harmon's death in October 2012 and August 2017, the Plan wired benefits totaling $54,511.57 into her account.

13. During the years after Jo Ann Harmon's death, the Plan continued to mail annual IRS 1099 forms to her at the address listed on the account, none of which were ever returned.

13. Prior to August 2017, the Plan checked the Social Security Administration's Death Master File monthly to determine whether anyone to whom the Plan was paying benefits had died.  The Death Master File, however, did not reflect Jo Ann Harmon's death.

14. In August 2017, the Plan started using a commercial service to perform death audits and first discovered her death at that time.

15. A Plan employee attempted to obtain information from the bank about the account and the disposition of the benefits that had been transferred to Ms. Harmon's account, including who if anyone had withdrawn the funds following her death, but the bank would not disclose any information.

16. Upon information and belief, someone whose identity is unknown to the Plan and who was not entitled to any benefits from the Plan withdrew some or all the amounts that the Plan had been transferring to Ms. Harmon's account following her death in 2012.

17. The Plan's counsel wrote the bank asking it to provide the information the Plan was seeking about the account but, citing federal consumer financial information privacy regulations governing banks, the bank declined. A copy of the bank's response is attached as Exhibit A.

18. The person who withdrew the funds that the Plan had wired into Ms. Harmon's account misappropriated and converted Plan assets in violation of the Plan's plan of benefits and federal law governing retirement plans.

19. Since the Plan is unable to identify the person who withdrew the funds, despite its best efforts, due to the bank's decision to withhold that information in accordance with federal consumer financial information privacy regulations governing banks, the Pension Plan has named the defendant as John Doe, and intends to amend the complaint as soon as it is able to identify the person. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

WHEREFORE, the Electrical Workers Pension Plan, Local 103, IBEW respectfully requests that this Court enter judgment pursuant to ERISA, 29. U.S.C. §1132(a)(3) and federal common law ordering John Doe to provide restitution in the amount misappropriated and converted by him together with interest, costs and attorneys fees and such other and further relief as this Court may deem just and proper.

Date:  May 21, 2018

Christopher N. Souris
BBO No. 556343
KRAKOW, SOURIS & LANDRY, LLC
225 Friend Street
Boston, MA 02114
617-723-8440 (phone)
617-723-8443 (fax)
csouris@krakowsouris.com

/s/ Christopher N. Souris_____
Attorney for Plaintiffs Electrical Workers
Pension Plan, Local 103, IBEW